First National Bank of Farmingdale, N. Y. v. Commissioner.
First Natl. Bank of Farmingdale v. Commissioner
Docket No. 111885.
United States Tax Court
1943 Tax Ct. Memo LEXIS 124; 2 T.C.M. (CCH) 734; T.C.M. (RIA) 43408; September 7, 1943
*124 George Clott, Esq., for the petitioner. P. J. Cavanaugh, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: Among the several items of adjustment resulting in a determination of deficiency of $753.87 in 1939 income tax, the only one assailed is the disallowance of deductions for loss in the sale of bonds of the City of Gillespie and bonds of the City of Herrin. The case was submitted upon a stipulation of facts. [The Facts] The taxpayer, engaged in the banking business, filed its 1939 tax return in the First District of New York. 1. In 1923, it acquired bonds of the City of Gillespie at a cost of $4,000. In 1932, it charged off $2,000 by a charge to surplus. In 1933, it wrote off another $1,960, and then charged the aggregate $3,960 to profit and loss "pursuant to the bank examiner." This amount was claimed as a deduction on its 1933 return. The bonds were thereafter carried on the books at the remaining $40. In 1939, they were sold for $412.23. 2. In 1925, the taxpayer purchased bonds of the City of Herrin, Illinois, at a cost of $5,000. In 1930 and 1931, the taxpayer received partial payments of $1,433.36. In 1932, $2,113.33 was written off by a *125 charge to surplus. In 1933, a further charge-off of $1,418.31 was made; and the total of $3,531.64 was in that year, pursuant to the orders of the bank examiner, charged to profit and loss, and was claimed as a deduction on the 1933 return. The bonds were sold in 1939 for $300. In its 1933 tax return, the taxpayer reported a net loss of $16,386.06, and the Commissioner made no change. In its 1939 return the taxpayer claimed a deduction for loss of $3,116.77 from the sale of the Gillespie bonds, and reported neither gain nor loss in the sale of the Herrin bonds. The Commissioner, in determining the deficiency, disallowed the Gillespie deduction and instead recognized a gain of $372.23; and recognized a gain of $265 in the sale of the Herrin bonds. [Opinion] The taxpayer's argument is that the charge-off in 1933 was made at the direction of the bank examiner and therefore the deduction was not adequately supported, since a bank examiner's direction alone does not establish complete or partial worthlessness, citing . But that case did not hold that a bank examiner's direction prevented a deduction *126 if the debt was in fact wholly or partially worthless. The taxpayer claiming such deduction must prove the fact of worthlessness to the extent charged off, and the examiner's direction does not of itself provide such proof. Upon the present stipulation, the debts may in 1933 have been in fact worthless to the extent charged off, as the Commissioner recognized in allowing the net loss, irrespective of the bank examiner's direction; and in the absence of evidence to the contrary effect, it must be recognized here that the debt was properly reduced to the remaining basis of $40 for the Gillespie bonds and $35 for the Herrin bonds. The charge-off and deduction of the earlier years is not shown to be at variance with the fact or legally improper. They preclude the deduction of loss in equal amount in the year of sale, and the Commissioner's disallowance of deduction in respect of the Gillespie bonds is sustained. . The Commissioner, however, included in income of 1939 the excess of the sale price over the remaining book value after the charge-offs. This is contrary to Section 116, Revenue Act of 1942, calling the recovered amount *127 of a bad debt previously charged off, which did not result in a reduction of tax, a "recovery exclusion," and excluding it from gross income. The 1933 charge-offs were exceeded by the net loss, and they did not result in a tax reduction.the Commissioner's treatment as "gain" of the amount recovered in 1939, was therefore error. First National Bank in . Decision will be entered under Rule 50.